*J. & W. L. Harlan* plaintiff; *S. R. Bullock* for defendants.

---

CORAM VO-
BIS.
*Case* 90.

## Duff *vs* Combs.

ERROR TO THE PERRY CIRCUIT.

*Executions.   Scire facias.*

*June* 10.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Though the process which brought the party into Court was irregular, as none was necessary, the case should be heard.

UPON a decree in favor of Duff against Combs, rendered in the year 1837, no *fieri facias* nor other proceeding for its enforcement was taken, until the —— day of October, 1844, when a writ of *fieri facias* was sued out. To obtain a *supersedeas* and quashal of this writ, as having been irregularly and illegally issued, without a *scire facias* to revive the decree, Combs applied by petition for a writ of *error coram vobis*, which was granted by the order of two Justices of the County Court, authorized to grant injunctions, &c. The Clerk to whom the order was directed, issued a *subpœna*, with injunction, instead of a proper writ of *error coram vobis*. And the parties having come into Court on this process, the defendant demurred to the writ of *error coram vobis*, and moved to dismiss it. But the Court overruled the demurrer and motion, and pronounced a judgment quashing the *fieri facias*, and giving Combs his costs.

The *subpœna* with injunction, though certainly not a writ of *error coram vobis*, seems to have been so regarded by the parties, and it had the desired effect of superseding the execution, until the alledged error could be acted on by the Court. And as it brought the de-

fendant into Court with notice of the intended application to quash, and of its grounds, we are of opinion that if the grounds of quashal be sufficient, the judgment should not be affected by the irregularity of the preliminary process, which, without additional cost to the defendant, has answered substantially the purpose of a technical writ of *error coram vobis.* In fact the execution might have been quashed by motion, upon a notice merely, if the grounds were to be made out by extrinsic evidence, and without previous notice, if for matter apparent in the record. And if the quashal was right, the plaintiff certainly has no right to complain that the execution was suspended or enjoined until the motion could be made. If there were no writ of *error coram vobis* to supercede an irregular execution, a formal bill for an injunction would be allowable. But although the Clerk issued a *subpœna* in this case, there is no bill, but the application was addressed to the common law side of the Court, which acted on it as a legal and not as an equitable proceeding, and pronounced not a decree but a judgment.

The question then is, whether after a delay of more than a year and a day, to take any steps for enforcing the decree, and when no obstruction was presented by the defendant, a *fieri facias* can properly be issued on the mere direction of the complainant, without the order of the Court. If it cannot, then even if the *scire facias* is not the only appropriate mode of obtaining the requisite order, still as there was in fact no order, and this was apparent on the record, the execution was subject to quashal without notice, and there is no ground of complaint in this case.

*Executions on decrees in chancery cannot properly issue after the lapse of a year and a day, without scire facias.*

The enforcement of decrees in chancery by common law writs of execution as allowed by our statutes, is cumulative, and gives to a decree in regard to the mode of its execution, a double character. It may still be enforced by the mode appropriate to the Court of equity, or it may be enforced by the mode appropriate to a judgment at law. Each of these modes of proceeding, as originally applicable to its own subject, viz: a decree or a judgment, was governed by distinct laws

and principles. There is nothing in the statutes authorizing the enforcement of a decree by process applicable to a judgment, which makes any change in the laws and principles appropriate to that process, except in the single point of making it applicable to decrees as well as judgments. On the contrary, the original statute on this subject has been regarded as authorizing executions to issue on decrees in like manner as upon judgments at law: *Logan's adm'r.* vs *Cloyd,* (1 *A. K. Mar.,* 202.) And the 2d section of the act of 1828, (I *Stat. Law,* 635,) authorizes such writ of execution on a decree as would be appropriate and allowable on a judgment at law, and declares that in every thing it shall partake of the nature and effect of like writs upon judgments, and be subject to the same power of the Court.

*Sci. fa.* the appropriate mode of reviving decrees for money, &c.

Under these statutes it is at the option of the party obtaining a decree for money, &c. to regard it as a mere decree enforcible as such by equitable modes of proceeding, or to regard it as if it were a judgment, and to enforce it by ordinary execution. On this principle it was decided in the case just referred to, that although a decree might, as a chancery proceeding, be revived against the administrator of a deceased defendant by bill, yet as the statute authorized executions on decrees in like manner as on judgments, it might be revived by *scire facias,* which was the oppropriate mode of reviving a judgment. But there is no other mode of having a writ of execution on a judgment on which no execution has issued for a year and a day, but by *scire facias;* in other words, a writ of execution on a judgment, is not, under such circumstances, appropriate or allowable, unless authorized by an order of the Court on a *scire facias.* And it seems to follow necessarily, that under similar circumstances, a writ of *fieri facias* is not allowable upon a decree, until authorized in the same manner as would be required in case of a judgment.

In suing out a *fieri facias* in this case, the party has placed himself and his process, under the rules and principles applicable to process upon judgments at law. And as a *fi. fa.* or other execution could not legally be issued on a judgment after a year and a day from its

date, without any execution, unless authorized by a judgment on a *scire facias*, neither could it lawfully issue on the decree without such authority. And in either case it is subject to be quashed, as being illegally issued.

Wherefore, the judgment is affirmed.

*J. & W. L. Harlan and Apperson* for plaintiff; *Letcher & Tilford* for defendant.