## SEYLLER v. SEYLLER.

No. 12073—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**Divorce—Alimony—Modification of Decree on Appeal.**

Record examined, and held, that the allowance of $1,200 alimony be set aside, and that in all other respects the judgment and decree of the trial court is affirmed.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by Kate Seyller against Clarence E. Seyller. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

O. R. Fegan, for plaintiff in error.

R. F. Shutler and John T. Bradley, for defendant in error.

KANE, J. This was an action for divorce commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to the court, an absolute decree of divorce in favor of the plaintiff was entered, as prayed for, and a judgment rendered awarding her $1,200 alimony and $300 attorneys' fees.

There is no complaint made as to the decree granting the divorce, but plaintiff in error complains that the allowance for alimony and attorneys' fees is excessive under

the circumstances disclosed by the record, and are of the opinion that the judgment for alimony should be set aside. The record shows that the defendant was an industrious young farmer of small means and that the plaintiff was a school teacher at the time of their marriage. That the young couple took up their residence with the parents of the defendant, where they continued to reside until they separated some eight or nine months after the marriage. There were no children born to the marriage, and upon the separation the plaintiff resumed her residence in her own home at Kingfisher, where she resided before her marriage, and where she spent a great deal of her time during the continuance of her marital relations with the defendant.

We do not deem it necessary to set out at any great length the facts upon which the divorce was granted. Both parties seem to be satisfied with this part of the decree, so the action of the trial court on that point must be held to be final. The trial court in its findings sums up the situation as follows:

"He may be a very good man, probably is a boy of good habits; a hard working boy trying to get ahead and make money; probably thinks more of this than anything else in the world, but I think she is entitled to a divorce; that is the way I feel about it. Now, I don't know what property he has. There is no evidence that he had much property, probably about 80 acres of land. Another thing, she is not entitled to a great deal. She only lived with him a part of the time of eight or nine months. She never did much to accumulate much property or did much for him."

We fully agree with the trial court that the plaintiff is not entitled to a great deal. The record shows that during the pendency of this suit the plaintiff from time to time was allowed and received from the defendant between $700 and $800 as alimony and suit money. This sum, in our view of the case, amply covers the full amount that the plaintiff was entitled to under the circumstances.

The record does not contain the evidence upon which the court made the allowance for attorneys' fees. This was probably based upon the personal observation of the trial court as to the services rendered and their value. As we have no means of determining whether or not the allowance is too large, we will assume that the findings of the trial court in that particular are correct.

For the reasons stated, the judgment for $1,200 alimony is reversed, and, in all other respects the judgment of the trial court is affirmed.

McNEILL, KENNAMER, NICHOLSON, COCHRAN, BRANSON, and MASON, JJ., concur.