## ELMORE v. ELMORE.

No. 16307—Opinion Filed March 16, 1926.

1. **Divorce—Judgment for Alimony for Losing Party not Sustained.**

The court was not authorized under the law, on the evidence in this case, where the divorce was granted the defendant on his cross-action, to render judgment in favor of the plaintiff for $1,800, as alimony against the defendant.

2. **Same—Judgment Modified.**

The alimony allowed plaintiff pendente lite, attorneys' fees, and court costs, and the sums of money paid by the defendant to the date of this opinion on the alimony allowed in the final judgment, constitute the greatest sum of money that the trial court was warranted in adjudging the defendant to pay on the evidence in this case. Therefore, the judgment is modified and affirmed accordingly.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Rosebud Elmore against Clarence E. Elmore for separate maintenance and alimony. Judgment for plaintiff for permanent alimony, and defendant brings error. Modified and affirmed.

Womack, Brown & Cund and J. A. Bass, for plaintiff in error.

Thompson & Thompson, for defendant in error.

Opinion by WILLIAMS, C. The parties herein will be referred to as they appeared in the court below.

This action was originally commenced for maintenance and alimony. The appeal is from the final judgment for alimony. Several orders were made for payment of maintenance and alimony and attorneys' fees pendente lite, in the aggregate amount of $1,085, which has been paid by the defendant.

The record shows that upon final judgment the court refused to fix and allow defendant a supersedeas bond, thereby imposing upon the defendant the responsibility to make payments of $30 alimony per month, which has been paid, and which amounts to an additional sum of $210, or an aggregate of $1,295 paid by the defendant.

On the 27th day of July, 1923, the court heard evidence, granted the defendant a divorce, and on the 12th day of December, 1924, the court rendered a final judgment against the defendant for alimony in the sum of $1,800, payable at the rate of $30 per month until paid. From the rendition of this judgment, the defendant brings the case to this court for review, and urges three grounds for reversal in his brief as follows: First, the court erred in rendering said judgment for the reason that the judgment, as rendered, is contrary to the evidence; second, said court erred in rendering said judgment for the reason that the same is contrary to the law; third, said court erred in rendering said judgment for the reason that the judgment, as rendered by said court, is unconscionable and beyond reason, and is not supported by the law. Counsel for plaintiff in error, in his brief, says he will, and does, consider the three assignments of error together, and they will be so considered in this opinion.

The evidence shows that the value of all property, real and personal, owned by defendant, was $2,848.66, all of which had come to defendant by inheritance, and no part of which was accumulated by the joint efforts of the husband and wife, there being no children born as the fruits of the marriage; that the defendant is a day laborer, and when he works earns $1.50 per day; that prior to the final judgment and orders of the court, the defendant paid to the plaintiff the sum of $810, and to the plaintiff's attorneys $275, in all $1,085; that plaintiff

and defendant had lived together less than three months.

The court in rendering final judgment made the following statement from the bench:

"By the Court: If I could measure in dollars and cents the wrecking of a home may be this argument, which I have heard, would be good. The court don't know how to measure that in dollars and cents. I admit under that case you ought to know how much you should pay. I will do that for you, I think $30 is a very reasonable amount. I made an order first that was unreasonable. I thought the parties would get back together; they did not, that did not work. Now this man went off and got married with this $30 staring him in the face, and I am taking into consideration the value of the property now, and the conditions, etc. I think in about five years he will pay his pound, five years from today, on December 1, 1929, he may stop if she don't get married before that time. He will pay $360 per year or $1,800 in all. He has already paid $325 as attorneys' fees, or will have when he pays this $25 ordered paid today. To make it so you will understand it for all time, you will make those payments until December 1, 1929, on the first day of each month you will pay the plaintiff $30 unless she marries or dies. The lien still stands against the property."

The court in his final judgment, in addition to the amount of $1,085 already paid by the defendant, placed an additional burden upon the defendant of $1,800, payable in installments of $30 per month, until said sum of $1,800 is paid in full, and in addition to said judgment, tied up the disposition of defendant's property by injunction, and denied the defendant to supersede said judgment during the pendency of this action in the appellate court. The defendant in his brief says:

"It is submitted that said trial court consistently held, throughout the proceedings had, that the defendant was in fault."

With this contention of counsel for defendant, we cannot agree. If so, why did the court on the 27th day of July, 1923, render the following judgment :

"The court finds that the material allegations of the defendant's cross-petition are true. That the plaintiff and defendant were married on the 6th day of May, 1922, and that they lived together as husband and wife until the 20th day of July, 1922, and that since such date they have not lived together as husband and wife. The court further finds that the plaintiff has been guilty of extreme cruelty to the defendant, and that by reason thereof the defendant should be granted a divorce."

Notwithstanding the finding of the court that the plaintiff was in fault, that she was guilty of extreme cruelty, and that the defendant was entitled to a divorce, and notwithstanding the fact that the undisputed testimony is to the effect that all of the property possessed by the defendant at the inception of this case did not exceed in value $2,848.66, and that the plaintiff and defendant had lived together less than three months, and that not one dollar's worth of property was accumulated by the joint efforts of plaintiff and defendant, and that the defendant had paid in to the plaintiff $1,085, approximately one-half of the value of his property, the court rendered an additional judgment against him for $1,800, payable in installments of $30 per month, until paid in full, impressed all of his property with an injunction, and then denied defendant the right to supersede said judgment, thereby compelling the defendant to comply with the order of the court to pay plaintiff the sum of $30 per month until the final disposition of this case.

There appears to be no well-defined rule, established in the jurisprudence of this state, controlling the amount which the court should allow a wife in a divorce action, when the divorce is granted the husband on account of the fault of the wife. However, we must conclude that equity would be less lenient with her when the divorce is granted on account of her fault, than when it is granted for the fault of the husband.

In the case of De Vry v. De Vry, 46 Okla. 254, 148 Pac. 840, the wife was granted a divorce on account of the fault of the husband. In the third paragraph of the syllabus, the court held:

"Where the husband and wife had lived together only a few months, the wife bringing no property to the husband on marriage, and the husband had no property, except some books, instruments, and medicines used in his profession of a physician, his earnings being about $60 per month in cash, and about as much more in accounts, of a very doubtful value, an award of $500 for permanent alimony is excessive, especially where, pending the appeal, the husband has paid over $700 alimony pendente lite."

The facts in the De Vry Case are almost identical with the facts in the instant case. In the De Vry Case $500 permanent alimony and $146 attorneys' fees were allowed. In the instant case $1,800 permanent alimony and $275 attorneys' fees were allowed. In the De Vry Case the defendant earned $60 per month, and in the instant case the defendant derived $60 per month royalty from

a two-ninths interest in 60 acres of land. In the De Vry Case the defendant was a professional man. In the instant case the defendant is a day laborer, capable of earning $1.50 per day. In the De Vry Case the defendant had paid $835. In the instant case the defendant has paid $1,085, and is compelled to continue payments of $30 per month until the $1,800 is paid in full. In the De Vry Case the divorce was granted the wife on account of the fault of the husband. In the instant case the divorce was granted the husband on account of the fault of the wife.

In the case of Davis v. Davis, 61 Okla. 275, 161 Pac. 190, Commissioner Mathews quotes with approval from the case of Johnson v. Johnson, 57 Kan. 343, 46 Pac. 700, as follows:

"Where, in an action brought by a wife against her husband to obtain a divorce and alimony, the court finds that she is not entitled to a divorce, it is error to allow the wife permanent alimony in the form of a quarterly allowance for the support of herself and minor child. In such a case, where the husband appears and contests the wife's right to a divorce, the power of the court over the property of the parties is limited to that owned by them at the time the judgment is rendered; and as to such property, it may make an order for the equitable division and disposition of it between them."

In the case of Seyller v. Seyller, 96 Okla. 137, 220 Pac. 626, there was a judgment of the trial court awarding the wife $1,200 alimony and $300 attorneys' fees, and in passing upon the case Justice Kane, in the opinion, says:

"We fully agree with the trial court that the plaintiff is not entitled to a great deal. The record shows that during the pendency of this suit, the plaintiff from time to time was allowed and received from the defendant between $700 and $800 as alimony and suit money. This sum, in our view of the case, amply covers the full amount that the plaintiff was entitled to under the circumstances."

The plaintiff, in the above case, and defendant had lived together eight months. There were no children. The divorce was granted the wife and not the husband.

On the question of alimony the court below allowed $1,800. Under the evidence in this case, we think this allowance of alimony was excessive, taking into consideration the fact that the plaintiff had been denied a divorce, and the amount of alimony pendente lite and attorneys' fees that had been previously paid. The parties had been married but a short time, and not a dollar's worth of property was accumulated by the joint efforts of husband and wife, and the evidence shows that she had no property when she married the defendant. His sole income, outside of what he earned by day labor, was $60 per month. In allowing $1,800, in this condition of the husband's finances, we think the court erred. Upon this appeal from the final judgment rendered, the trial court refused to allow the defendant to supersede said judgment, and the defendant has thereby been under obligations to pay, and has paid, the $30 each and every month from the date of said appeal, and the court further impressed by injunction practically all of the defendant's property so that he was unable to dispose of any of it.

Under all of the circumstances in this case, considering the amount which the plaintiff has received and the financial condition of the defendant, it follows that the decree appealed from should be modified by striking therefrom that portion of the judgment of $1,800 remaining unpaid from and after this date, and that said decree so modified should be and is affirmed.

By the Court: It is so orered.

Note.—See under (1) 19 C. J. p. 269 § 614. (2) 19 C. J. p. 195 § 482.