**NEWMAN et al. v. NEWMAN.**

No. 19454. Opinion Filed July 8, 1930.

Commissioners' Opinion, Division No. 2.

R. Emmett Stewart, for plaintiffs in error.

Charles A. Moon, for defendant in error.

HALL, C. The defendant in error was plaintiff in the trial court. She brought this action against her husband, Alfred Newman, for a divorce, and joined therewith Isaiah Newman, the son of Alfred Newman, as a party defendant, for the purpose of adjudicating the property rights. A separate action was commenced by plaintiff against both of these defendants to set aside a conveyance of Alfred Newman to Isaiah Newman whereby he conveyed all of his real property to Isaiah Newman, including the parcel theretofore conveyed to plaintiff, in consideration of the grantee supporting him, the grantor, in his declining years. The basis of this action was that said conveyance was a fraud on the rights of plaintiff in the property. The cases were tried together. Plaintiff prevailed.

Plaintiff, Celia A. Newman, and defendant Alfred Newman were both about 63 years of age at the time this case was tried. They had been married about ten or twelve years. The defendant was of African descent, of deep ebony color, while the plaintiff was also colored, but of a considerable lighter hue. This is mentioned solely because of the fact that apparently much of the friction was caused on account of their respective colors. The evidence indicates that the defendant occasionally referred to the plaintiff as the "yellow woman." On the other hand, the plaintiff often applied to defendant one of the vilest of epithets.

Before their marriage, and as an antenuptial agreement, the defendant gave plaintiff a certain parcel of land and improvements thereon, described as the south 40 feet of the west 120 feet of lot 11, block 236, in the city of Muskogee. He evidenced this gift by a warranty deed conveying this property to plaintiff and warranting the title thereto except as to some unpaid taxes in the sum of about $60. The defendant, however, was a reasonably good business man, or not without precaution, for he had plaintiff to execute to him promissory notes for practically the value of the land, and he caused the deed of conveyance to recite the execution of these notes. The evidence reasonably clearly indicates that defendant gave plaintiff this property instead of an engagement ring, and that he took these (in effect) vendor lien notes from plaintiff as some assurance that if he failed to win a wife he would not lose his land or engagement investment. It reasonably appears that in case plaintiff and defendant should marry or did marry, the notes had served their purpose. Anyway, they married, and no attempt whatever was ever made to collect the notes. They became barred by the statute of limitations. The principal controversy is centered around this piece of real property, which was awarded to the plaintiff at the trial of the case.

It would be wholly impracticable to attempt to set out a synopsis of the testimony. The record is exceedingly voluminous, containing more than 500 pages. The plaintiff claimed that she was entitled to a divorce upon the grounds of cruel and inhuman treatment and nonsupport. The defendant answered and filed a cress-petition, and as grounds for a divorce alleged cruel and inhuman treatment on the part of plaintiff, and general incompatibility. The court awarded her the absolute title and ownership of the real property above described, and also the household and kitchen furniture and equipment necessary for housekeeping, being personal property of the probable value of about $600. He also awarded plaintiff the sum of $15 per month alimony, to be paid to plaintiff by defendant until the decree of the district court became final. He also gave plaintiff judgment against defendant for the sum of $150 as attorney's fees for the prosecution of her action.

The defendant contends that he did not intend the conveyance of this real property to plaintiff as an absolute gift, and that she

later agreed with him and his son to reconvey .the land by quitclaim deed upon delivery to her of the notes evidencing the purchase price thereof. We think, however, the evidence sustains the finding and judgment of the trial court pertaining to the title and ownership of this particular parcel of real property. On the other hand, the judgment of the trial court granting plaintiff a divorce upon the grounds alleged, or otherwise, was absolutely contrary to the clear weight of the evidence. The testimony of plaintiff in regard to the allegations of nonsupport was exploded by a number of disinterested witnesses and documentary evidence introduced in the case. The "cruel and inhuman" phase of her case reduced itself to defendant being an old negro, gruff in his manners, and uncouth at times, with a disposition to go barefooted on the premises and "track mud in the house." The evidence further showed that at times the old man had a disposition to assert his authority round about the home, but didn't ever seem to exercise any of it.

On the other hand, it was fully established that the plaintiff had a terrible and ungovernable temper and often used exceedingly vile and opprobrious epithets toward defendant when he would get in her way. She would often go away from home and leave defendant for several weeks without advising him of her whereabouts. She was a mulatto with considerable pride, possessed a reasonable amount of culture and education, and thought herself far superior to the defendant, whom she occasionally dubbed as an "old black fool," and even epithets of considerably more invective. In view of these clearly established facts, it was error for the trial court to grant the divorce because of the fault of the defendant. He should have granted the divorce because of the fault of the plaintiff. The defendant was clearly entitled to a divorce and decree of separation from plaintiff on his cross-petition, and such is the judgment of this court. However, that matter is of but little consequence, because she perhaps was entitled to the greater portion of the property awarded her, regardless of whether the decree was granted her on her petition or to defendant on his cross-petition. Under our statutes, as well as the majority of the statutes of other states, where a divorce is granted the husband because of the faults of the wife, she is not as a matter of right

entitled to alimony out of the husband's estate, but it is discretionary with the court to a very considerable extent, when the property of the husband will justify it, to allow her alimony in such amount or amounts as not to leave her destitute or a charge upon society. This rule rests upon a humanitarian reason, and also upon the further reason that in many instances the wife assists in the accumulation of the property of the husband acquired during their marriage.

That part of the judgment awarding the plaintiff the personal property enumerated in the decree and awarding and quieting title in her, the southerly 40 feet of the westerly 120 feet of lot 11, block 236, in the city of Muskogee, Okla., is hereby affirmed, subject to the exceptions hereinafter named.

That part of the judgment awarding plaintiff the sum of $15 per month or any amount as alimony until the judgment in the action becomes final, and the further award to her of the sum of $150 for attorneys' fees, is hereby reversed, set aside, and held for nought. It is further provided that whatever sums defendant has paid on this monthly alimony, that he recover same from the plaintiff, and that the costs of this appeal be borne equally by plaintiff, Celia A. Newman, and defendant Alfred Newman; and that by reason of the fact that the plaintiff's acquisition of this land grew out of the marital relation with the defendant, it is hereby ordered and decreed that the title to said property is to be vested in her, conditioned upon her first reimbursing defendant in whatever sums for monthly alimony which he has paid plaintiff under the decree of the court, and for one-half of the statutory costs of this appeal. In other words, these sums and this amount for which defendant is entitled to be reimbursed from plaintiff are made a lien or a charge upon said real property awarded plaintiff. And it is the order of this court that the defendant Alfred Newman be, and is hereby granted an absolute divorce from plaintiff, Celia A. Newman.

LEACH, REID, TEEHEE, and HERR, Commissioners, concur.

By the Court: It is so ordered.