## FLAXMAN v. FLAXMAN.

No. 26386. May 5, 1936.

Clearman & Ellis, for plaintiff in error.

Wilson & Wilson and R. E. Owens, for defendant in error.

BUSBY, J. In Flaxman v. Flaxman, 169 Okla. 65, 35 P. (2d) 950, we declared void that portion of a decree in a divorce action directing the payment of alimony in monthly installments. Our reason for so doing was that the sum ultimately to be paid was not fixed in the decree. The question of what, if any, alimony should be paid was left open

for the determination of the trial court. Subsequent to our decision in the above-cited case, the divorced wife, Cordelia Flaxman, presented an application to the lower court seeking a determination of the question. The application was unsuccessfully resisted by Phillip Flaxman, the former husband.

The trial court, after consideration of the evidence produced by the respective parties, directed that Phillip Flaxman pay the sum of $3,100 at once and adjudicated that sum to be a lien upon his property. It was also ordered that he pay the additional sum of $6,900 in monthly installments of $50 each.

Plaintiff in error points out that the decree of divorce in this case was granted upon his petition by reason of the misconduct of his wife. He urges that by reason of this fact the trial court was without power to grant alimony.

At common law a wife could not obtain alimony when a divorce was granted by reason of her own misconduct. The harshness of the rule has caused it to be abandoned in many states. In most instances the change has been effected by statute. See 1 R. C. L. p. 936. But in this state the same change has been effected by judicial development and pronounced independent of statutory enactment. This court has declared that permanent alimony sufficient to prevent a wife from becoming destitute may be allowed by the court granting a divorce, even though the divorce is granted upon the request of the husband and by reason of the fault of the wife. See Newman v. Newman, 144 Okla. 160, 290 P. 179; Elmore v. Elmore, 117 Okla. 63, 244 P. 788.

It is somewhat unusual for courts to depart from the established rules of the common law in the absence of statutory enactment changing such rules. However, the common law is not inflexible and is subject to change to meet changing conditions. Where the legislative branch of the government fails to make a needed change, the courts are authorized to do so in recognition of the elastic nature of the common law. John S. Funk, Petitioner, v. United States. 290 U. S. 371, 78 L. Ed. 369. The judicial power to recognize changes in the common law has in this state been applied to the rule under consideration in the manner above noted. The rule as changed supports the judgment of the trial court.

It is to be observed. that, although the power to allow alimony in this case exists independent of the statute, we in our previous decision destroyed the pre-existing alimony judgment by applying a rule requiring certainty in amount, which rule was adopted in consideration of the peculiar wording of our statute. In other words, we extended a rule arising from the particular wording of our alimony statute, and therefore applicable to alimony granted under the statute, to a judgment for alimony granted independent of the statute. The propriety of such extended application of the rule was not discussed in our former opinion. It is not now presented to us for consideration, our former decision having become final.

Phillip Flaxman further contends, in substance, that, even though we recognize the power of a court in a divorce action where the divorce is granted upon the complaint of the husband to award alimony to the wife sufficient to prevent her from becoming destitute, we should not approve the judgment in this case. He asserts that the alimony herein awarded is in excess of the authority conferred by the rule.

We are unable to agree with this contention. The record in this case discloses that Cordelia Flaxman is living in a home in Oklahoma City to which she holds title, subject to a mortgage in favor of a building and loan association. The $3,100 awarded by the trial court is necessary for her to protect her equity in this property. If she is able to protect her equity, she will, of course, dispense with the necessity of paying rent. Her only means of support is the alimony which she expects to derive through the decree now before us for review. The question then is, Are the $50 monthly installments more than sufficient to prevent her from becoming destitute? The answer to this question is, we think, obvious. These monthly installments are not only a conservative allowance for support, but might well be classified as meager. They cannot be declared excessive when viewed from the standpoint of Mrs. Flaxman.

In connection with the ability of Phillip Flaxman to respond to the decree, it appears that he is the owner of several pieces of property, some of which are income-producing. However, his income is not great and the satisfaction of the decree involved herein will no doubt tax, though it will probably not exceed, his ability to pay. Formerly he was a man of considerable property, but in recent years has suffered some financial reverses. Unquestionably both of the parties will suffer some hardship by reason of this decree—Mrs. Flaxman because of the smallness of the monthly payments

and Mr. Flaxman because of his limited income.

Consideration of the entire record now before us discloses a fair and impartial attitude on the part of the learned trial judge. The trial court possessed the judicial power to enter the decree. The disposition made of the case represents a fair consideration of the situation of the respective parties as disclosed by the evidence produced.

Since the decree may be affirmed as within the power of the trial court in awarding alimony, it is unnecessary for us to consider an additional contention made by the divorced wife, namely, that the original decree dividing the property acquired during the coverture by the parties to this action was based upon a contract between the parties which contemplated, not only the division of the property, but likewise the payment of alimony. Mrs. Flaxman urges that in the original decree the two elements, i. e., division of property and alimony, were so inseparably connected that the previous vacation of the alimony decree should authorize the court to reinvestigate the property division. She takes the position that such reinvestigation would justify the money judgment herein rendered on the theory that it would be required to create an equitable property division between the parties. This contention will not be considered by reason of our affirmance on other grounds.

For the reasons stated, the decree of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.