## WHITEHORN v. WHITEHORN.

No. 26482.    Jan. 9, 1937.

Clyde T. Andrews, Thos. G. Andrews, and H. C. Dick Wilson, for plaintiff in error.

Chas. R. Gray and W. N. Palmer, for defendant in error.

PHELPS, J.    The trial court awarded a decree of divorce to the plaintiff husband and denied the defendant wife a divorce on her cross-petition, and she appeals. Her appeal does not attack that part of the judgment awarding a divorce, her only contentions being that the trial court erred in re-

fusing to award her alimony and an attorney's fee of greater amount.

From the record, the trial court was justified in believing the following to be the facts: The plaintiff is an Osage Indian who is moderately wealthy. The defendant is a white woman 15 or 20 years his senior. No children are involved, nor is there any jointly acquired property. The plaintiff husband had a great weakness for liquor, which was well known to the defendant prior to their second marriage, hereinafter discussed, of which weakness the defendant took full advantage.

Prior to her first marriage to the plaintiff the defendant was the wife of one Charles Ott, from whom she obtained a divorce in Arkansas, after which she married the plaintiff. After she married the plaintiff, however, she repeatedly cohabited with Ott, and the plaintiff obtained a divorce from her by reason of such adultery. That decree became final, in the sense that it was not appealed from.

Prior to the expiration of six months following that decree, and pursuant to her announced intention to certain associates, the defendant succeeded in getting the plaintiff drunk, which was not a difficult thing to do (this was accomplished by having her 21 year old son and another man visit the plaintiff in Hominy, where he was living alone), and in such drunken condition he was transported to defendant's home in Tulsa, where he was further plied with liquor by the defendant and others. Pursuant to this scheme (and that it was a scheme is abundantly justified by the record), he was induced several days later to go to Sapulpa at night, and there the parties obtained a license and were remarried while the plaintiff was drunk. The plaintiff testified that he did not know they were married until the next morning, and his testimony in this connection and in the other matters hereinafter narrated is corroborated by the direct testimony of other witnesses and the overwhelming probabilities of the case.

During this second venture in matrimony it appears that the plaintiff attempted to make a success of it, upon defendant's assurance that she would have nothing further to do with Charles Ott, who had wrecked their former marriage. If the defendant ever had such intention, it was short lived, for it appears that even during the few months in which the parties lived together she was repeatedly in the

company of Ott, alone at such times and places and under circumstances as from which but one inference is deducible. We shall not discuss that phase of the matter. During this period she several times stated that she would rather spend one minute with Ott than ten years with the plaintiff, applying at the time an epithet to plaintiff's origin or ancestry which is biologically impossible. In addition to the foregoing, she furnished Ott with clothing, money, and groceries, and took the springs from plaintiff's bed in his absence and sent them to Ott, putting in their place an old worn out set which had been discarded and stored in an outbuilding. We shall not burden this opinion with a recitation of the numerous other instances of mistreatment visited upon the plaintiff by the defendant. It all culminated in the plaintiff's leaving home and subsequently filing this suit for divorce.

We do not think this case deserves or needs any discussion of the law pertaining to alimony or attorney's fees. It is sufficient to observe that where the divorce is granted for the fault of the wife she is not entitled to alimony as a matter of right, though the trial court may award it to her within his discretion. The trial court and this court have been liberal in allowance of support money, suit money, and attorneys' fees.

If the plaintiff in error ever contributed any substantial thing to the peace and happiness of her husband, it is not shown by this record. We would be blind indeed to the facts of the case and to ordinary human experience should we not recognize the fact that apparently the defendant's sole motive in her relations with the plaintiff was to obtain his money, and, too, for purposes entirely questionable. Even now, she makes no complaint of the dissolving of the marital union, but is intent upon the quest of that only for which it seems she remarried him. Under the facts of the case, we have no sympathy with such plea, and in fact it appears that she has already profited more from her venture than good conscience should permit.

The judgment is affirmed.

OSBORN, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.