HAYNES v. HAYNES.

No. 30515. May 19, 1942.

*126 P. 2d 65.*

John W. Tillman and Fred A. Tillman, both of Pawhuska, for plaintiff in error.

MacDonald & Files, of Pawhuska, for defendant in error.

GIBSON, J. Defendant below was granted a decree of divorce on his answer and cross-petition filed in plaintiff's action for separate maintenance, and ordered to pay to plaintiff a certain sum as permanent alimony, and an additional sum monthly for the support of two minor children. Plaintiff appeals, challenging the decree of divorce from the standpoint of the sufficiency of the cross-petition and the evidence, and asserts that the alimony awarded to herself was too small under the facts as proved.

The attack on the cross-petition is based on its failure to allege the local residence of the defendant for the period as required of the plaintiff in a divorce action by the provisions of 12 O. S. 1941 § 1272. That section requires that the plaintiff in an action for divorce be an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed.

Plaintiff recognizes the rule that the defendant in a divorce case, though a nonresident, may obtain a divorce on his

cross-petition where the court has jurisdiction of the plaintiff's cause (Anderson v. Anderson, 140 Okla. 168, 282 P. 335). But she says that, since defendant was the only party seeking a divorce, it was necessary to the jurisdiction of the court that his cross-petition contain proper allegations of his residence as provided by said section 1272. In other words, it is contended that section 1272 should apply to the defendant where he alone seeks a divorce, and that such a petition or cross-petition cannot be considered as amended in this respect to conform to proof, and a decree of divorce based thereon is void.

It was held under the Territorial statute that residence of the plaintiff was a jurisdictional fact that must be alleged and proved by plaintiff and must appear affirmatively in the record. Beach v. Beach, 4 Okla. 359, 46 P. 514. But, assuming that to be the correct rule under the present statute, said statute does not apply to a defendant who by cross-petition seeks a divorce. If the court has jurisdiction of the plaintiff's action wherein a cross-petition for divorce is proper, then the residence of the defendant becomes immaterial to the court's jurisdiction to grant a divorce on the cross-petition. Here, the plaintiff instituted her action for alimony in the nature of separate maintenance without divorce as authorized by 12 O. S. 1941 § 1284, setting up all necessary jurisdictional facts. The court was authorized by said section to grant either the wife or husband a divorce on proper grounds. The section reads as follows:

"The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

The court had jurisdiction of plaintiff's action, and the allegations of her petition affirmatively stated all necessary jurisdictional facts. Therefore, the court had power to grant defendant a divorce regardless of his present residence.

Plaintiff contends further that the evidence was insufficient to support the decree of divorce.

After an examination of the record we are unable to say that the judgment is against the clear weight of the evidence. The decree granting the divorce must therefore be allowed to stand. Newberry v. Newberry, 147 Okla. 249, 296 P. 202.

Plaintiff also objects to the court's action in refusing certain evidence offered on the issues of divorce. But plaintiff fails to specifically point out this proffered evidence, and we find in the record nothing in this regard that would materially prejudice the plaintiff's rights.

Referring now to the alimony awarded to plaintiff, the evidence shows that defendant was earning $267 monthly, including $50 for the upkeep of his automobile employed in his work. The parties had no property except some household goods; and defendant was approximately $400 in debt, including the balance owed on his automobile. The court allowed plaintiff $1,000 and her attorney fees, and gave her all the household furniture. The court also ordered defendant to pay to plaintiff the sum of $37.50 per month for the support of each of two children during their minority. One child was 19, the other 14.

In view of the fact that defendant was awarded a divorce, we think the sum of $1,000 permanent alimony was entirely adequate under all the circumstances. Alimony to the wife in such case is largely a discretionary matter with the trial court. In this state, where the husband is granted a divorce for the fault of the wife, she is not entitled to alimony as a matter of statutory right, but the court in its discretion, and with due regard to the husband's ability to pay, may allow her such alimony as will save her from destitution and from becoming an immediate charge upon society. Newman v. Newman, 144 Okla. 160, 290 P. 179. The general rule is stated in

Whitehorn v. Whitehorn, 178 Okla. 633, 64 P. 2d 299, as follows:

"Where a divorce is granted the husband for the fault of the wife, she is not entitled to alimony as a matter of right, though it may be awarded to her within the discretion of the court."

The judgment of the trial court is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.