## CHILTON v. CHILTON.

No. 35246.   Nov. 18, 1952.

Rehearing Denied Jan. 10, 1953.

252 P. 2d 121.

Hardy & Hardy, by Milton W. Hardy, Tulsa, for plaintiff in error.

Wm. N. Randolph and Harold McArthur, Tulsa, for defendant in error.

BINGAMAN, J.   On January 21, 1948, the district court of Tulsa county, granted a divorce to Ira W. Chilton, plaintiff, against Lundy Chilton, defendant, by reason of the fault of the defendant. The decree awarded the care and custody of the minor child of the parties to the defendant and directed the plaintiff to make monthly payments for the child's support. It awarded the dwelling house of the parties to the defendant and directed the plaintiff to discharge the mortgage indebtedness thereon in monthly installments as provided by the mortgage. It further directed the plaintiff to pay certain medical expenses owing by the defendant in the amount of $750, the same to be paid monthly.   The total amount of the mortgage indebtedness on the home property was $2,774.15. This judgment was unappealed from. On June 22, 1948, the defendant, Lundy Chilton, filed her application for modification of the judgment, in which she alleged that the plaintiff had willfully defaulted in paying the mortgage installments on the home property and that by reason thereof foreclosure had been instituted by the mortgagee and it had been necessary, in order to save the property, for her to refinance the same and incur additional indebtedness by reason thereof. She then asked that the decree be modified by consolidating all of the sums the plaintiff had been directed to pay into a single judgment for alimony, and that the plaintiff be directed to pay and discharge the same as alimony in monthly installments.   Notice of this application was personally served on the plaintiff.

The application to modify the decree came on for hearing on the 25th day of June, 1948, and was continued to the 13th day of July, 1948, at which time, for good cause, it was continued until July 20, 1948.   On July 20, 1948, the court entered a judgment modifying the decree of January 21, 1948.   The various sums awarded plaintiff were decreed to be alimony. The sum repre-

senting the indebtedness on the dwelling house was increased to include the re-financing charges and expenses caused by reason of the defendant's default. Interest at the rate of 6 per cent per annum was also added to such amounts. The alimony was directed to be paid in monthly installments beginning on the 1st day of August, 1948. This judgment of modification was unappealed from.

The plaintiff was adjudged a bankrupt on September 22, 1948, and obtained a discharge in bankruptcy on November 12, 1948.

For reversal the plaintiff contends the order of modification is void because beyond the judicial power of the court, because rendered after term, that the court had no power to award alimony to a wife against whom a decree of divorce was entered by reason of her fault, and for the further reason that the judgment is uncertain. It is also urged that the discharge in bankruptcy discharged the judgment and that the judgment has been paid.

Considering first the power of the court to render the judgment of modification, the rule is well established in this jurisdiction that all judgments, however conclusive in their character, may be modified, vacated or set aside during the term. Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851; Nichols v. Bonaparte, 171 Okla. 234, 42 P. 2d 866; Riddle v. Cornell, 192 Okla. 232, 135 P. 2d 41. These same authorities also recognize the rule that a motion filed during the term invests the court with full power to act thereon at a subsequent term. The defendant's application for modification of the decree was filed within the term and the hearing continued until a day certain in the subsequent term. Clearly, therefore, the court had power and jurisdiction to render the judgment of modification.

In Flaxman v. Flaxman, 177 Okla. 28, 57 P. 2d 819, we held that where a decree of divorce was granted by reason of the misconduct of the wife, the court regardless of that fact had jurisdiction to award alimony to her sufficient to prevent the wife from becoming destitute. In that case, as in the case at bar, the alimony was partially to discharge mortgage indebtedness on the homestead of the wife. See, also, Herd v. Bilby, 199 Okla. 437, 186 P. 2d 833, and Haynes v. Haynes, 190 Okla. 596, 126 P. 2d 65.

The contention that the judgment as modified is uncertain as to amount is not well taken. The amounts of the judgment are specifically stated. The only contingency being that in the event the plaintiff fails to pay the persons who are entitled to receive the money and the defendant pays them, she automatically becomes subrogated to or entitled to receive the sums due.

Numerous authorities are cited on the proposition that the judgment is discharged by the discharge in bankruptcy. It is conceded if the judgment is for alimony it is not satisfied by the bankruptcy discharge. Having determined that the judgment of modification decreeing the same to be alimony is valid, the cases cited are not in point and this position is not well taken.

As to the issue of the payment, it appears the trial court did not pass upon this proposition. The trial court's judgment was limited to the finding that the judgment modifying the decree to hold the sums due to be alimony was valid. Since such issue was not determined in the trial court, we will not determine it here. Phelps v. Asplund, 184 Okla. 310, 87 P. 2d 134. However, the trial court is directed, on motion of either party, to determine the issue as to payments and the exact amount, if any, still due.

Affirmed.

WELCH, CORN, DAVISON, and O'NEAL, JJ., concur.