Lester W. SMITH, Plaintiff in Error,

v.

Mary E. SMITH, Defendant in Error.

No. 36260.

Supreme Court of Oklahoma.

Oct. 26, 1954.

998

---

Poe, Murdock & Langford, Tulsa, for plaintiff in error.

Manatt, Knight & Knight, Tulsa, for defendant in error.

WELCH, Justice.

Mary E. Smith brought suit against Lester W. Smith for divorce, custody of children and support money, and settlement of property rights. The defendant in cross-petition sought divorce.

The record of the trial proceedings reflects that the parties were married in 1946. The plaintiff had a child by a prior marriage, and one child was born of the marriage of the plaintiff and the defendant.

The plaintiff owned property at the time of her marriage to the defendant, which property was sold during their marriage for a consideration of $3,150, payable in monthly installments. At the time of the trial

$1,600 of the monthly installments remained payable at $45 per month.

At the time of their marriage the defendant owned a certain city lot which he had purchased in 1940 for $3,000. The defendant had constructed a business building and a housing unit on the lot at a cost of $2,000, and subsequent to this marriage the housing unit was improved at a cost of $3,500. At the time of the trial the said property was appraised by two real estate agents appointed by the court. Their respective appraisements were $15,000 and $20,500. At the time of the trial the said business property was rented for $125 per month, from which a net income of approximately $75 per month was being derived. The defendant was receiving approximately $250 per month net income from his employment.

During their marriage some equipment out of the aforesaid business property was sold for $1,800, and at the time of the trial $675 of the proceeds was in a bank in the account of the defendant. The parties had accumulated household goods which at the time of trial were valued at $1,400.

With reference to the evidence pertaining to their marital troubles the trial court found and adjudged that both parties were at fault, and that by reason of fault of both parties, divorce was granted to both the plaintiff and the defendant. Said finding and judgment is not here in question.

It was ordered and adjudged that the plaintiff have the care and custody of the aforementioned children, and that the defendant pay $75 per month as child support for the two children. The aforementioned improved city lot was awarded to the defendant as his sole and separate property, together with the $675 in the bank account in the defendant's name.

The plaintiff was awarded the household goods and the balance of $1,600 on the note and mortgage covering the property owned by the plaintiff at the time of her marriage to the defendant, and the plaintiff was awarded an alimony judgment against the defendant in the amount of $6,000, payable at the rate of $100 per month.

The defendant appeals from that part of the judgment pertaining to alimony, child

support and property settlement between the parties, asserting the amounts allowed to the plaintiff are excessive.

In argument attention is directed to the finding and judgment of the trial court that by reason of the fault of the plaintiff, divorce is granted the defendant, and attention is directed to the circumstances in proof concerning the defendant's ability to pay.

 Where a divorce is granted a husband for the fault of the wife, she is not entitled to alimony as a matter of statutory right, but the court in its discretion, and with due regard to the husband's ability to pay, may allow her alimony in such amount as not to leave her destitute or a charge upon society. Haynes v. Haynes, 190 Okl. 596, 126 P.2d 65.

Herein there was also a finding and judgment of the trial court that by reason of the fault of the defendant husband, divorce is granted to the plaintiff wife. Said finding and judgment is supported by competent evidence.

In statute it is provided that when a divorce shall be granted by reason of the fault of the husband, the wife shall be allowed such alimony out of the husband's property as the court shall think reasonable, having due regard to the value thereof, or she may be decreed such sums of money, payable either in gross or in installments, as the court may deem just and equitable, and the court shall affect a fair and just division of the property acquired by the parties jointly during their marriage. 12 O.S.1951, § 1278.

 Herein it appears that with dissolution of marriage the plaintiff wife is left with the care and custody of two minor children. One of the children is but a few months of age and necessarily a handicap to the plaintiff's efforts in earning a livelihood. The plaintiff is left without property except for household goods and a secured note payable in installments of $45 per month. On the other hand, the defendant husband is left with property of an approximate value of $18,000, and providing a net income of approximately $75 per month. The defendant is currently receiving $250 per month from his employment. In these circumstances and that the husband was at fault in the failure of the marriage, we do not regard an award of $6,000 as alimony and payable in monthly installments approximating the monthly income of the defendant's property as wholly unreasonable, nor that a payment of $75 for child support is excessive.

 The allowance of alimony and child support are matters within the discretion of the trial court, governed by consideration to justice and equity between parties and the interest of society, and unless against the clear weight of the evidence as reflects an abuse of discretion its judgment will not be disturbed.

Herein the record discloses a state of facts substantially supporting the court's action.

The judgment is affirmed.

JOHNSON, V. C. J., and DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, J., concurs in result.