LEWIS B. JACKSON, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 236–68.    Filed February 2, 1970.

*Carl F. Bauersfeld*, for the petitioner.
*F. Timothy Nicholls*, for the respondent.

128

OPINION

RAUM, *Judge:* Petitioner claims the deductions in issue under section 215(a) on the ground that the $6,000 annual payments qualified as alimony under section 71(a)(1).[1] The Government defends the disallowance of the deductions on two grounds: (a) That the payments were made simply in satisfaction of property rights in lieu of a division of the "community property" and were therefore not alimony under the foregoing statutory provisions; and (b) that, in any event, even if the divorce decree did provide for the payment of alimony which would otherwise qualify under these provisions, those payments accruing after the wife's death were not "received" by the wife under section 71(a) and therefore are not deductible under section 215, see Rev. Rul. 60–121, 1960–1 C.B. 30. Since we decide in the Government's favor on the first ground, we do not reach the second and it becomes unnecessary to consider petitioner's answer thereto based upon section 691 relating to income in respect of a decedent.

We have recognized on a number of occasions that where there is a division of property or where the husband makes payments in satisfaction of property rights of the wife the amounts received by the wife are capital in nature and are neither includable in her gross income under section 71 nor deductible by the husband under section 215. See *Ann Hairston Ryker*, 33 T.C. 924, 929; *Wilma Thompson*, 50 T.C. 522, 525; *Brantley L. Watkins*, 53 T.C. 349.

The divorce decree here involved describes the payments in issue as being "in lieu of any further division of the properties owned by the parties hereto, and in the nature of permanent alimony." Whether the payments referred to actually represent a division of property as suggested by the first clause of the above-quoted phrase, or alimony,

---

[1] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

    (a) GENERAL RULE.—

        (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

SEC. 215. ALIMONY, ETC., PAYMENTS.

    (a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income

as suggested by the second clause, turns on all the circumstances surrounding the divorce decree and not merely the labels used therein. *Bardwell* v. *Commissioner*, 318 F. 2d 786 (C.A. 10), affirming 38 T.C. 84; *Ann Hairston Ryker, supra; Blanche Curtis Newbury*, 46 T.C. 690, 694; *Wilma Thompson, supra; William M. Joslin, Sr.*, 52 T.C. 231, 236.

Under Oklahoma law, the wife has a vested interest in property jointly acquired during marriage. *Davis* v. *Davis*, 61 Okla. 275, 278, 161 P. 190, 193. As the Supreme Court of Oklahoma pointed out, "The nature of the wife's interest is similar in conception to community property of community property states, and is regarded as held by a species of common ownership." *Collins* v. *Oklahoma Tax Commission*, 446 P. 2d 290, 295 (Okla. 1968). The wife's interest thus acquired is protected at the time of divorce by Oklahoma statute. Thus, although a wife is entitled to alimony where the divorce is granted by reason of the fault of the husband, no such requirement of fault is contained in the statute affecting her rights in respect of a "just and reasonable" division of the so-called community property or the payment of a sum of money in lieu thereof. The applicable statutory provisions are set forth in Okla. Stat. Ann., tit. 12, sec. 1278 (1967):

Sec. 1278. Disposition of property—Restoration of wife's maiden name—Alimony

When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been *acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof.* In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper. [Emphasis supplied.]

It is important to note that "the particular proviso [in section 1278] respecting the division of jointly acquired property when granting a divorce is not permissive, but defines a mandatory duty placed upon the trial court." *Collins* v. *Oklahoma Tax Commission, supra* at 294. The awarding of alimony to the wife as opposed to the mandatory division of joint property, turns on which party is at fault in the

divorce. Where, as in this case, the husband is granted a divorce because of the fault of the wife she is not entitled to alimony as a matter of right out of the husband's property; the court may allow her alimony only if she would otherwise become a public charge. *Chilton* v. *Chilton*, 207 Okla. 647, 648, 252 P. 2d 121, 122; *Herd v. Bilby*, 199 Okla. 437, 439, 186 P. 2d 833, 835; *Haynes* v. *Haynes*, 190 Okla. 596, 598, 126 P. 2d 65, 66; *Whitehorn* v. *Whitehorn*, 178 Okla. 633, 634, 64 P. 2d 299, 300; and *Flaxman* v. *Flaxman*, 177 Okla. 28, 29, 57 P. 2d 819, 820.

Against this background we note first that Mrs. Jackson was not entitled to alimony under the law of Oklahoma because she was at fault in the divorce. There was no suggestion at the divorce hearing that she might become a public charge in the absence of an alimony award. In fact, much to the contrary, petitioner's evidence at the divorce hearing and the trial herein sought to establish that his wife had a cash hoard as well as furs, jewels, and other personal property of substantial value at the time of the divorce.

Though Mrs. Jackson's right to alimony was highly doubtful, under Oklahoma law she clearly had an interest in the properties jointly acquired during coverture. And we think that the divorce judgment here in issue was intended to effect the division of the property acquired during the marriage of petitioner and his wife. At the divorce hearing petitioner sought to establish that the value of the assets acquired during marriage was approximately $250,000. At the trial herein, petitioner introduced the financial statement from which this figure was derived, and in this statement the net value of property acquired during marriage, described as "community property" in the statement, was set at $252,506.59. We think the clear purpose of the introduction of this evidence at the divorce hearing was simply to facilitate the division of property required by Oklahoma law. This is confirmed by petitioner's remark at the trial here that, in reference to the divorce judgment, "I felt that the property I gave her was a fair split on everything we had worked on together to get."

We recognize that under Oklahoma law the trial judge is not required to divide jointly acquired property equally upon divorce. See *Tobin* v. *Tobin*, 89 Okla. 12, 17, 213 P. 2d 884, 889; *Williams* v. *Williams*, 428 P. 2d 218, 222. However, we think it would be naive to believe that the divorce judgment here was not directly related to approximately $250,000 in property admittedly acquired by petitioner and his wife during marriage.[2]

In his reply brief, petitioner makes the contention for the first time that the value of the joint properties was not $250,000 because petitioner's financial statement also showed contingent liabilities of $455,-

---

[2] Petitioner does not argue on brief that the properties acquired during marriage were not "jointly" acquired under the terms of Okla. Stat. Ann., tit. 12, sec. 1278.

760.98. We disagree. Petitioner made no effort to show to what extent, if at all, these contingent liabilities related to the "community property" rather than to his "separate" property. Moreover, there was no explanation of the nature of the contingencies, and we have no basis whatsoever to judge the likelihood that the so-called contingencies might become liabilities, or to what extent they represented any substantial threat against the "community property."

Petitioner argues that he intended to pay his wife alimony and support because of her inability to support herself and that the judgment with respect to the $100,000 payable at $500 monthly of the divorce court had this purpose. Although the matter may not be completely free from doubt, we think the scales tip against petitioner. No evidence was presented at the divorce hearing with respect to the support needs of his wife, and we note that the monthly payments provided for in the decree were to cease once the amount of $100,000 was reached. Thus, since she was 48 years of age at the time of the divorce the payments would have come to an end when she reached age 65. To be sure, petitioner may have expected her to use the payments in issue for support. This does not mean, however, that such payments were not in satisfaction of her vested property interest.[3]

Nor are we persuaded that the payments in issue are alimony by the fact that petitioner made monthly payments of $650 to his wife during the 6 years prior to the divorce. That petitioner may have felt an obligation to support his wife prior to their divorce does not bear on whether petitioner and his wife had jointly acquired property which was required to be divided between them upon divorce.

While petitioner may have had an obligation to support his wife prior to divorce, he had no such obligation once he was granted a divorce due to the fault of his wife—assuming, of course, that his wife would not have otherwise become a public charge, as indicated above.

On the record before us, we cannot find that the Oklahoma court intended its $100,000 judgment, payable in $500 monthly payments, as an award of alimony to Mrs. Jackson. More likely, we think that the divorce judgment was framed in response to petitioner's uncontested request that his wife be given a monetary sum rather than specific items of joint property so that she would thereby be prevented from further interfering with his business activities.

*Decision will be entered under Rule 50.*

---

[3] We do not base our finding that the payments herein were pursuant to a division of property on the fact that the divorce award was stated as a lump sum since Oklahoma law then in force required all alimony awards to be stated as a lump sum. See *Dobry v. Dobry*, 203 Okla. 327, 220 P. 2d 698.