Charles S. Presbrey and Rosemarie Presbrey v. Commissioner. Phyllis Kessler and Kenneth Kessler v. Commissioner.
Presbrey v. Commissioner
Docket Nos. 149-68, 5465-68.
United States Tax Court
T.C. Memo 1970-82; 1970 Tax Ct. Memo LEXIS 275; 29 T.C.M. (CCH) 379; T.C.M. (RIA) 70082; April 13, 1970, Filed Anthony F. Barone, 4400 Palm Lane, Miami, Fla., for the petitioners in Docket No. 149-68. Shalle Stephen Fine, City National Bank Bldg., Miami, Fla; for the petitioners in Docket No. 5465-68. J. Patrick McElroy, for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the income tax of petitioners Charles S. and Rosemarie Presbrey, docket no. 149-68, for the years and in the following amounts: 1964
$3,729.71
1965
3,867.84
1966
3,945.84 He also determined deficiencies in the income tax of petitioners *276 Kenneth C. and Phyllis Kessler, docket no. 5465-68, for the years and in the following amounts: 1964
$597.51
1965
248.60
1966
688.36 The questions remaining for decision are (1) whether certain payments made by Charles S. Presbrey to his former wife, Phyllis Kessler, are includable in her income as alimony under section 71, I.R.C. 1954, and therefore deductible by him under section 215, and (2) whether certain payments made by him to his former wife represent nondeductible child support under section 71(b). In determining the deficiencies in respect of these issues the Commissioner took inconsistent positions to protect the revenues. Other issues raised in the deficiency notice sent to Charles S. and Rosemarie Presbrey have been settled by the parties. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. Petitioners Charles S. Presbrey and Rosemarie Presbrey are husband and wife. At the time their petition was filed they resided in Miami, Florida. They filed their joint Federal income tax returns for the taxable years 1964, 1965, and 1966 with the district director of internal revenue, Jacksonville, Florida. *277 Petitioners Kenneth C. Kessler and Phyllis Kessler are husband and wife. They resided in Miami, Florida, at the time they filed their petitioner herein. They filed their joint Federal income tax returns for the taxable years 1964, 1965, and 1966 with the district director of internal revenue, Jacksonville, Florida. Charles S. Presbrey ("Charles") and Phyllis Kessler ("Phyllis") were married to each other on September 11, 1945. One child, Herbert Shaw Presbrey, was born of the marriage. The marriage was dissolved by a final decree of divorce on July 13, 1956. Prior to the decree, the parties entered into a settlement agreement, referred to as a "stipulation," in respect of the rights of the parties. The stipulation was as follows: IT IS HEREBY STIPULATED by and between PHYLLIS PRESBREY, 380 plaintiff, and CHARLES S. PRESBREY, defendant, as follows: (1) That the claims of the plaintiff herein for support, alimony, separate maintenance, and indebtednesses due to plaintiff for contributions made by her, and for the support of the child of the plaintiff and defendant, Herbert Shaw Presbrey, are to be settled upon the following basis: (a) The Court may enter an order and decree *278 herein requiring the defendant, Charles S. Presbrey, to pay to his wife, Phyllis Presbrey, the total sum of $35,000.00 to be paid at the rate of $2,500.00 per year for the first three years, payable semi-annually, commencing on December 21, 1956, and the balance of said sum to be paid at the rate of $3,500.00 per year until said balance is paid, and is also to be paid semi-annually, all without interest. This sum is to be paid without regard to the future marital status of the plaintiff. (b) In addition to the foregoing, the Court may decree that the defendant, Charles S. Presbrey, shall pay the sum of $60.00 per week for the support and maintenance of Herbert Shaw Presbrey, son of the parties hereto. (2) It is further stipulated that in the event that the child is attending a private school or university, the expenses for which are being paid by the defendant, during those periods the plaintiff shall not receive the aforementioned $60.00 per week. The said payments of $60.00 per week to be paid quarterly, in arrears. (3) The defendant agrees to transfer to the plaintiff all of his interest in and to the home which is now owned by them jointly, located at 2431 S.W. 63rd Aveenue, *279 Miami, Florida, and the defendant further agrees to assign, transfer and set over to the plaintiff all of his interest in and to any shares of stock, bonds or other indebtedness owed to him by Decora Designs, Inc., a Florida corporation, including bank loans settled by defendant; and the defendant further agrees to resign as an officer and director of the said Decora Designs, Inc.
(4) The plaintiff agrees to transfer her interest in and to all of the life insurance being held by her covering the life of the defendant with the exception of the principal sum of $35,000.00 worth of said insurance which it is agreed that she will retain until the completion of the payment of the aforementioned $35,000.00 settlement. The said insurance is to be divided as follows: $50,000.00 to the child of the plaintiff and defendant; $35,000.00 to the plaintiff as hereinbefore mentioned; and the balance of said insurance is to be retained and made free to the use of the defendant. Defendant agrees to pay the premiums on these policies during the life and duration of the policies. (5) It is further agreed and understood that the plaintiff herein shall pay her own attorneys' fees and no claim of any *280 kind or character will ever be made or asserted against the defendant or his estate by reason of the marital relationship that has existed between the parties. This stipulation was incorporated in the Final Decree of Divorce. The Decree stated in pertinent part: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said Charles S. Presbrey shall pay to the plaintiff, Phyllis Presbrey, the sum of $35,000.00, which sum is to be paid at all events and without regard to the future marital status of the plaintiff. Said sum is to be payable at the rate of $2,500.00 per year for the first three years, payable semi-annually, the first semi-annual payment commencing on December 21, 1956, and the balance payable at the rate of $3,500.00 per year, payable semi-annually, as aforesaid, without interest, until the full sum of $35,000.00 has been paid. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall pay to the plaintiff the sum of $60.00 per week for the support and maintenance of the minor child of the parties, namely: Herbert Shaw Presbrey, and the plaintiff, Phyllis Presbrey, is hereby granted the full custody, care and control of said minor child, reserving to the defendant, *281 Charles S. Presbrey, reasonable right of visitation. The defendant, Charles S. Presbrey, is ordered and directed to execute a Warranty Deed to the plaintiff, conveying to the plaintiff in fee simple, the following described property, situate, lying and being in Dade County, Florida, to-wit: The West 62 feet of Lot 7, all of Lot 8, and the South one-half of Lot 9, in Block 2, of Kinbrey Subdivision, according to the Plat thereof, recorded in Plat Book 48, at page 34, of the Public Records of Dade County, Florida; together with the improvements thereon and all the furniture, furnishings, fixtures and equipment therein contained and any additions thereto and replacements thereof, and all plumbing, heating, electrical, ventilating and air-conditioning equipment and fixtures now or hereafter therein contained or used in connection with said premises, whether the same be detached or detachable. 381 Subject, nevertheless, to two mortgages which appear of record and to taxes for the year 1956 and subsequent years. The defendant is further ordered and directed to transfer to the plaintiff all of his interest in and to the shares of stock, bonds or other indebtedness owed to him by *282 Decora Designs, Inc., a Florida corporation, including the indebtedness of Decora Designs, Inc. which were formerly payable to the Curtiss National Bank of Miami Springs and which indebtedness has been settled by the defendant. The defendant is further ordered and directed to maintain at his own expense the insurance policies called for by the settlement agreement, and shall do all other things and acts mentioned and required of him under the terms and provisions of said agreement. Pursuant to the terms of the stipulation and divorce decree, Charles transferred his interest in Decora Designs, Inc. to Phyllis, together with his interest in their home. During their marriage, the Presbreys operated a family business which engaged in the manufacture and sale of lamps and furniture. Both Presbreys worked actively in the business. The enterprise began as a partnership in 1947 and was incorporated in 1953 as Decora Designs, Inc. ("Decora"), a Florida corporation. The common stock of the corporation was owned as follows: Phyllis Presbrey
77%
Charles Presbrey
3%
Other employees
20%
Among the contributions to the capital of the corporation made by Phyllis was the *283 building in which the business was located. This building came to Phyllis from her father prior to her marriage to Charles and she held the building free of encumbrances. Title to the building was later placed in the corporation's name. At some time after the incorporation of the business, mortgages totaling $35,000 were taken out on the building at the request of Charles. The corporation was the principal obligor in respect of the mortgages but both Charles and Phyllis co-signed the mortgage notes. The amounts received were used in the operation of the business or in ventures in which Charles and Phyllis had equal interests. At the time of the mortgages Charles promised Phyllis that he would repay her the amount of the mortgages if their business proved unsuccessful. During their marriage the Presbreys also took out a second mortgage on their home. These funds were used in the business and for personal living expenses. Prior to Charles' and Phyllis' divorce, the corporation, Decora, was indebted to the Hanover Bank and the Curtiss Knight National Bank in the total amount of $20,500. Charles satisfied these debts of the corporation approximately six months prior to the divorce.
*284 In addition to the advances made to the corporation by the Presbreys, money was loaned to the corporation by Phyllis' father, Mr. Sibley. Part of the funds generated by the corporation were invested in a building venture named Branch Acres Homes. The Presbreys each owned one-third of Branch Acres Homes. The venture was unsuccessful. At the time the Presbreys were divorced Decora had ceased being a profitable enterprise due to a decline in sales and the siphoning off of business income for use in other ventures. After the divorce, Phyllis operated the business of Decora for two or three years, after which time the corporation sold the building subject to the above noted mortgages, and the corporation was liquidated. After the divorce, Phyllis drew only a nominal salary from the corporation as most of her efforts were directed towards meeting the demands of creditors of the corporation. In each of the years here involved Charles claimed a deduction for alimony paid to Phyllis as follows: Year
Amount
1964
$4,150
1965
3,250
1966
3,500
During these years Phyllis did not receive from Charles the same amounts that Charles claimed as deductions during these *285 years. She received the following total amounts during the years in issue: Year
Amount
1964
$5,980
1965
4,250
1966
6,250
Of the above total amounts received by Phyllis, $3,120 in each year represented child support of $60 per week for the support of Charles and Phyllis' son, Herbert Shaw Presbrey. During the years in issue Phyllis did not report any of the funds received from Charles as taxable income. The Commissioner disallowed the deductions claimed by Charles and also, to protect the revenues, determined that the sums 382 received by Mrs. Kessler in excess of the amounts fixed as child support ($3,120 per year) were taxable to her as alimony. Opinion RAUM, Judge: Pursuant to a divorce decree and settlement agreement incorporated therein Charles made payments to Phyllis during the years 1964, 1965 and 1966 of $5,980, $4,250 and $6,250, respectively. Petitioner Presbrey took deductions of $4,150, $3,250 and $3,500 in respect of these payments for the corresponding years. The Commissioner contends that of the total sums paid to Phyllis, $3,120 in each year was attributable to the support of Charles' and Phyllis' son, Herbert Shaw Presbrey, and *286 are therefore nondeductible under the terms of sections 71(b) and 215, I.R.C. 1954. We agree. The divorce decree and settlement agreement provided that Charles pay $60 per week for the support of his son and both Charles and Phyllis testified that a portion of the total payments made were for that purpose. We find that Charles is not entitled to any deduction for the amounts paid to Mrs. Kessler for support of their child. The remaining issue concerns the treatment of the portions of the payments received by Phyllis in excess of the amounts attributable to child support. Charles contends that these amounts are deductible as alimony under section 215; I.R.C. 1954 because they are includable in Phyllis' gross income under section 71, I.R.C. 1954. The Commissioner agrees with this contention. If these payments are alimony, Charles will be entitled to deduct them while Phyllis will be required to include such amounts in her gross income. If, however, the payments were made in respect of the property rights arising from the former marriage of the parties, such payments are neither deductible by Charles nor includable in Phyllis' gross income. See Ann Hairston Ryker, 33 T.C. 924, 929; *287 Wilma Thompson 50 T.C. 522, 525; Brantley L. Watkins, 53 T.C. 349, 359; Lewis B. Jackson, Jr., 54 T.C. 125 (February 2, 1970). Under the divorce decree and settlement agreement incorporated therein Presbrey was to pay his former wife the total sum of $35,000 at the rate of $2,500 per year for the first three years and at the rate of $3,500 per year until the balance was paid. These payments were described in the settlement agreement as being in satisfaction of Phyllis' claim for "support, alimony, separate maintenance, and indebtedness due * * * for contributions made by her * * *." The payments were to be made regardless of her marital status. Though Charles did not follow this payment schedule, the amounts paid Phyllis in excess of child support were attributable to his obligation to pay her $35,000. Whether these payments were intended as alimony or a property setlement is essentially a question of fact. Ann Hairston Ryker, supra; Mary Schwab, 52 T.C. 815; Lewis B. Jackson, Jr. supra. In arguing that the payments here were alimony, Charles and the Commissioner point to the fact that the payments were to be made *288 over an extended period of time and that no interest was to be paid on the unpaid portions of the $35,000. They also note that the divorce decree and settlement agreement are silent as to whether payments were to cease in the event of Phyllis' death prior to the complete discharge of the obligation. We are not persuaded by these arguments. It seems clear from the record that Phyllis was induced by Charles to permit Decora to mortgage the building contributed by her on the understanding that she would be repaid these amounts in the event of the failure of the business. And, we think that Charles' obligation to pay $35,000 was in respect of this understanding since Phyllis owned the building free and clear prior to her marriage to Charles. To be sure, the funds generated by the mortgages were used by the corporation in which she was the principal shareholder. This would not, however, preclude an understanding between the parties that Charles would protect her capital contribution to the corporation. That the $35,000 obligation was intended as a property settlement rather than alimony or support is further evidenced by the fact that the payments were to continue even if Phyllis remarried. *289 Though the divorce decree and settlement agreement are silent as to Charles' obligation in the event of the death of his former wife, we think that language in the settlement agreement referring to the settlement as being in part to settle Phyllis' claim for an "indebtedness due * * * for contributions made by her * * *" indicates that the $35,000 was to be paid by Charles in any event. While this issue is not free from doubt, we think that on balance the payments 383 under consideration were in the nature of a property settlement and are not therefore deductible by Charles nor includable in Phyllis' income. Decision will be entered under Rule 50 in docket no. 149-68: Decision will be entered for the petitioner in docket no. 5465-68.