Ernest L. Veverka v. Commissioner.
Veverka v. Commissioner
Docket No. 2410-70 SC.
United States Tax Court
T.C. Memo 1970-326; 1970 Tax Ct. Memo LEXIS 34; 29 T.C.M. (CCH) 1496; T.C.M. (RIA) 70326; November 24, 1970. Filed Michael S. Holland, P.O. Box 206, Russell, Kan., for the petitioner. F. Timothy Nicholls, for the respondent. TIETJENS
Memorandum Findings *35 of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax of petitioner for the year 1967 in the amount of $544. The only question to be decided is whether a payment of $3,500 made by petitioner to his wife in 1967 under a decree granting her separate maintenance is deductible under sections 71 and 215, I.R.C. 1954, and sec. 1.71-1, Income Tax Regs.[1]
*36 1497 Findings of Fact Some of the facts have been stipulated and are so found. At the time his petition was filed petitioner resided in the vicinity of Luray, Russell County, Kansas. For the taxable year 1967, petitioner filed a Federal income tax return with the director, Southwest Service Center, Austin, Texas. On his 1967 Federal income tax return, petitioner claimed a deduction of $3,500 for "periodic payments of separate maintenance under a journal entry dated April 16, 1966, Case No. 10,055 - District Court of Russell County, Kans." Petitioner and Alice M. Veverka were married to each other in June of 1935. On July 6, 1965, Alice M. Veverka filed a petition for divorce with the Russell County, Kansas District Court, wherein she sought, among other things, an absolute divorce from the petitioner; a just and equitable division of the property of the parties; and alimony. On October 26, 1965, petitioner answered Alice M. Veverka's petition for divorce and prayed that his wife recover nothing in her action; that he be granted an absolute divorce from his wife; and that the court divide the property of the parties. In December 1965, Alice M. Veverka amended her *37 petition and prayed that she be granted separate maintenance from the petitioner rather than an absolute divorce; that the court make a just and equitable division of the property of the parties; and that she be awarded alimony. Alice M. Veverka's petition for separate maintenance and the petitioner's cross-petition for divorce were tried before the Russell County, Kansas District Court on March 17 and 18, 1966. On March 17, 1966, the Russell County, Kansas District Court entered a judgment of separate maintenance in favor of Alice M. Veverka. At that time, the court also found that there should be a complete division of the marital properties between the parties; however, the case was continued in order to allow the parties an opportunity to reach a mutually satisfactory agreement regarding such property division. On April 11, 1966, the attorneys for both parties reappeared before the Russell County, Kansas District Court and informed the court that they had failed to reach an agreement concerning the division of property. The court, therefore, requested both parties to file a proposed property division and took the matter under advisement. The Russell County, Kansas District *38 Court entered its Order of Division of Property on April 16, 1966, the Order providing: * * * Thereafter on this 16th day of April, 1966, the court having considered all of the evidence and record herein, having considered the suggested division submitted by the parties, the court orders the division of property as set out below which the court finds to be proper. From the evidence, all of the property of the parties was accumulated by their joint efforts except ownership by Alice M. Veverka of an undivided one-tenth as tenant in common in the southwest quarter of Section 4, northwest quarter of Section 9, and the east half of Section 5, all in Township 15, Range 10, in Ellsworth County, which she obtained by inheritance, and ownership by Ernest L. Veverka in the remainder after life estate of his mother, Rose F. Veverka, in the west half of Section 2, Township 14, Range 11, in Fussell [Ruosell] County, Kansas. The court finds proper and orders the following division of property: To Alice M. Veverka.
1. Undivided 1/10 in SW 1/4 of 4 NW 1/4 of 9 E 1/2 of 5] 15-10, Ells- worth County $8,100.00
2. Insurance policies - not appraised in the evidence.
Policy #11,961,947, on her life of Equitable Life Insurance Com- pany.
Policy #13734, on her life of the American HomeLive[sic] In- surance Company.
Policy #3025910, of hers of Secur- ity Benefit Association.
Policy #2917417, of hers of Se- curity Benefit Association.
3. 1960 Ford and '56 Ford, Contents of her house in Luray, "base- ment, car shed, north upstairs closet of farm home, Maytag washer, if removed in 30 days.
$ 225.00
4. Lots 2, 4, 6 and N 1/2 of 8, Block 17 in City of Luray, Russell County, Kansas.
1,000.00
5. Savings Account at Peoples State Bank, Luray, Knsas. (and any accruals)
2,296.74
6. Certificates of Deposit at Peoples State Bank, Luray, Kansas. (and any accruals)
7. S 1/2 of Lots 31 and 32, Block 9 in Original City of Wilson, Ells- worth County, Kansas.
3,000.00
8. Lots 6, 7, 8 and 9 in Block 4 in Original City of Wilson, Ellsworth County, Kans.
4,000.00
9. Lien on farm re. listed in item 4 in the division to Ernest L. Veverka.
35,000.00
*39 1498 To Ernest L. Veverka. * * * 4. Russell County farm Real Estate.
NW 1/4 of 27-11-12, Rus- sell Co.
$ 9,800
NE 1/4 of 27-11-12, Rus- sell Co.
8,925
SW 1/4 of 22-11-12, Rus- sell Co.
18,400
SW 1/4 of 27-11-12, Rus- sell Co.
10,400
SW 1/4 of 26-11-12, Rus- sell Co. 9,800
$57,325
Subject to lien in favor of Alice M. Veverka
35,000
$22,325.00 * * * The court further orders and enters judgment that the lien owned by Alice M. Veverka referred to in item 9 under division to her, and item 4 under the division to Ernest L. Veverka, shall be payable in ten (10) annual installments of three thousand five hundred dollars (3,500) each, payable on or before September 1 of 1966, and each year hereafter until paid. Such payments shall not bear interest unless a default should arise and in that event the unpaid balance of the entire lien shall become immediately due and payable and thereafter bear interest at six (6) percent per annum until paid. Said lien shall be enforceable in the event of default in the same manner as a mortgage on Real Estate. * * * On May 17, 1966, the Russell County, Kansas District Court filed its Journal Entry wherein it *40 granted Alice M. Veverka's petition for separate maintenance from the petitioner and further provided: * * * Thereafter, on this 16th day of April, 1966, the court, having considered all of the evidence and records herein, and having considered the suggested division of each party, it is by the court CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows: FIRST: That plaintiff Alice M. Veverka shall receive as her portion of the property of the parties: * * * 9. A lien on the farm of the parties, described as the NW/4 of 27-11-12, the NE/4 of 27-11-12, the SW/4 of 22-11-12, the SW/4 of 27-11-12, and the SW/4 of 26-11-12, all said property being located in Russell County, Kansas, in the amount of $35,000.00. That said lien shall be payable in ten (10) annual installments of three thousand five hundred dollars ($3,500.00) each, the first of said annual installments being payable on or before September 1, 1966, and each year thereafter until paid. That said payments shall not bear interest unless a default should arise, and in that event the unpaid balance of the entire lien shall become immediately due and payable, and thereafter said monies due and owing under said lien shall bear *41 interest at six per cent (6%) per annum until paid. That said lien shall be enforceable in the event of default in the same manner as a mortgage on real estate. * * * It is further ordered by the court that the property hereinabove set aside to the plaintiff be and it is so awarded to her as part of a complete division of property between the parties, and that the plaintiff shall hereafter own and control the same as her separate property free and clear of any interest of the defendant therein and free and clear of any inchoate interest resulting therefrom in the defendant. SECOND: That defendant, Ernest L. Veverka, shall receive as his portion of the property of the parties: * * * 4. The following real estate located in Range Eleven (11) West, Township Twelve (12)South, Russell County, Kansas, to-wit: a. The Northwest Quarter (NW/4) of Section Twenty-seven (27); b. The Northeast Quarter (NE/4) of Section Twenty-seven (27); c. The Southwest Quarter (SW/4) of Section Twenty-seven (27); d. The Southwest Quarter (SW/4) of Section Twenty-two (22); e. The Southwest Quarter (SW/4) of Section Twenty-six (26); subject to the lien in favor of Alice M. Veverka heretofore set *42 forth. * * * The court awarded petitioner appraised property worth $58,957 after deducting the $35,000 lien. Mrs. Veverka received property, including the $35,000 cash award, worth $68,621.74. 1499 At the time the Russell County, Kansas District Court entered its decree of separate maintenance, Alice M. Veverka was 54 years of age. The Russell County, Kansas District Court's Order of Division of Property and Journal Entry make the $35,000 award payable in all events. In addition to the $35,000 award, Alice M. Veverka was awarded cash of at least $15,000 and real property having an appraised value of $16,000 by the Russell County, Kansas District Court. The Commissioner disallowed as a deduction the $3,500 payment made by petitioner in 1967 pursuant to the separation judgment with the following explanation in the statement accompanying the statutory notice: It is determined that the payment of $3,500.00 which you made to Mrs. Alice M. Veverka, discharging a part of a legal obligation of a principal sum of $35,000.00 specified in a decree of legal separation, is not a periodic payment of alimony or separate maintenance which must be included in her income. Accordingly, *43 since the payment is not includible in Mrs. Veverka's gross income under section 71 of the Internal Revenue Code, you are not entitled to a deduction under section 215. The petitioner's payment of $3,500 to his wife in 1967 is not deductible under section 215(a), I.R.C. 1954, as a payment made pursuant to an obligation imposed upon him because of the marital or family relationship; rather, such payment is attributable to a property division between the petitioner and his wife and is thus not deductible. Opinion The question is by no means a novel one. That there is a difference between payments which are in the nature of alimony or support under sections 71 and 215, supra, and payments which are made under decrees or agreements in settlement of property rights has been consistently recognized by the courts. The former constitute reportable income by the wife and give the husband a deduction. The latter do not. We also recognize that labels and terms used by the parties and courts in separation decrees and agreements are not determinative. The resolution of the question is a factual one. Elizabeth H. Bardwell, 38 T.C. 84 (1962), affd. 318 F. 2d 786 *44 (C.A. 10, 1963); Lewis B. Jackson, Jr., 54 T.C. 125 (1970); Edith M. Gerlach, 55 T.C. - (Oct. 28, 1970). At the outset we dispose of a preliminary contention made by petitioner, i.e., that the concession at trial by respondent that the payments on the $35,000 sum were "periodic" makes this case moot. As we see it, that does not dispose of the question. There still remains the problem as to whether or not the payments were in the nature of alimony or support, or whether they were to be made as part of a property settlement. To answer the remaining questions we turn to the testimony and the proceedings in the divorce court. The only witness was petitioner. The core of his testimony was that his wife brought no property into the marriage - ergo, that she could take nothing out by way of a property settlement. Against this we have the court proceedings. The judgment of the divorce court speaks only in terms of a division of property. The "Order of Division of Property By the Court" recites: From the evidence, all of the property of the parties was accumulated by their joint efforts except ownership * * * by the wife of an undivided 1/10 of a certain tract which she *45 acquired by inheritance, and ownership by petitioner of a remainder after his mother's life in a certain tract. We also note that the wife received under the settlement, other than property and the $35,000 to be spread over ten years, at least $15,000 in cash. Too, the $35,000 was to be paid in all events, i.e., the payments were not to cease on the wife's death or remarriage. Nowhere does the divorce court refer to support or alimony in its judgment and the approved division apparently splits the property without any reference to the wife's need for maintenance and support. In our view no error has been shown in the Commissioner's determination that the $3,500 payment made by petitioner in 1967 was not alimony or separate maintenance. It was part of a property settlement. Petitioner has conceded that if we make the above determination the Commissioner was correct in using the Tax Table to compute his tax for 1967. Accordingly, Decision will be entered for the respondent. 1500 Footnotes
1. SEC. 71(A)(1) * * * If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. SEC. 215(a) * * * In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * * SEC. 1.71-1(b)(4) * * * Section 71(a)↩ applies only to payments made because of the family or marital relationship in recognition of the general obligation to support which is made specific by the decree, instrument, or agreement. * * *