HERBERT J. STIEFEL and LUCY STIEFEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stiefel v. Commissioner
Docket No. 1451-79.
United States Tax Court
T.C. Memo 1980-492; 1980 Tax Ct. Memo LEXIS 94; 41 T.C.M. (CCH) 301; T.C.M. (RIA) 80492; October 29, 1980, Filed Landis Olesker and Samuel J. Friedman, for the petitioners. Martha Sullivan, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: * Respondent determined deficiencies of $8,730 and $1,429, respectively, in petitioners' Federal income taxes for 1973 and 1974. [1] The issues for our decision are (1) whether petitioners are entitled to an alimony deduction in 1973 for the payment of the outstanding *95 mortgage balance on the sale of petitioner husband's and his ex-wife's residence, and (2) whether petitioners are entitled to an alimony deduction in 1973 for the payment of petitioner husband's ex-wife's moving expenses. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time they filed their petition, petitioners resided in Greenwich, Connecticut. Petitioners timely filed their 1973 and 1974 joint Federal income tax returns. Petitioner Herbert J. Stiefel (hereinafter Herbert) was formerly married to Regina Stiefel (hereinafter Regina); their marriage ended in divorce. Prior to their separation, Herbert and Regina resided in a house located on Byram Shore Road in Greenwich, Connecticut (hereinafter House) which *96 was owned by them as joint tenants with rights of survivorship. The House was encumbered by a mortgage dated March 17, 1965 which by its terms was to be liquidated completely on March 1, 1985 and on which Herbert and Regina were jointly and severally liable. On April 2, 1970 Herbert and Regina entered into a separation agreement and on December 18, 1972 they executed an amended separation agreement. Under the terms of the separation agreement, as amended by the amended separation agreement, the House was to be sold as quickly as possible. Until such time as it was sold, however, Herbert was obligated to make monthly payments on the mortgage. After its sale, and after the payment of various fees and taxes from the proceeds, 75 percent of the net proceeds, not exceeding $66,975, was to be distributed to Regina; moreover, Herbert was required to pay some or all of Regina's moving expenses. Specifically, the amended agreement states, in pertinent part: ARTICLE IV - ALIMONY
1. Until the closing of title on the sale of the residence of the parties on Byram Shore Road in Greenwich, Connecticut, the WIFE shall have the right to continue to reside therein and the HUSBAND shall *97 be liable for and shall pay the following: (a) The monthly mortgage payment on said real estate, which includes amortization, interest, taxes and insurance (if insurance is not included in said payment, he will pay the premiums on the existing Homeowner's policy); (b) Utility charges, such as gas, fuel oil, electricity and water; (c) All necessary maintenance and repair charges on said premises; (d) The sum of One Hundred Sixty (160.00) Dollars per week to the WIFE; (e) All medical, hospital and dental bills incurred by the WIFE (with the condition that she is to incur no medical services for cosmotology or orthodontia); 2. After the closing of title on the sale of the Greenwich residence, the HUSBAND shall pay the WIFE, for her support and maintenance, the sum of Sixteen Thousand ($16,000.00) Dollars per year in equal monthly installments of $1,333.00, the first installment to be paid on the first day of the month following the closing of title and on the first day of each month thereafter. The sum due from the date of closing of title to the first day of the following month shall be prorated and paid to the WIFE at the closing of title. The liability of the HUSBAND *98 for the payments set forth in this paragraph shall cease upon the happening of whichever of the following events first occurs: (a) the remarriage of the WIFE: (b) the death of the WIFE; (c) the death of the HUSBAND. Arrearages in these obligations and the obligations in effect under THE AGREEMENT, on the date of said event, shall, nevertheless be payable by the HUSBAND. ARTICLE VI - REAL ESTATE
1. The parties are the joint owners in survivorship of a certain house and land, herein called the Family Residence, located in the Town of Greenwich, County of Fairfield and State of Connecticut, bounded and described, as follows: 2. The HUSBAND and WIFE have conveyed title to said real estate by Quit Claim Deed to ELSIE K. NEMORE, as Trustee, to hold the same subject to and in accordance with terms and conditions thereinafter set forth. 3. The WIFE shall have the right to occupy, reside in and continue in possession of said real estate until it is sold by closing of title and delivery of deed. 4. The parties agree that said real estate shall be sold at the best available price. Both parties shall fully cooperate with each other to enable the premises to be sold as quickly *99 as possible. Both parties hereby authorize the listing of the premises for sale at $150,000.00, and direct Elsie K. Nemore, as Trustee, to sell the property. 5. Until the said real estate is sold by delivery of deed, the HUSBAND shall pay the costs and expenses thereof as provided in Article IV, paragraph 1, above. 6. Prior to or simultaneously with the execution of a contract for the sale of said premises, the HUSBAND will pay the sums due on any judgments against the WIFE because of his failure to perform his obligations under THE AGREEMENT and the sums required to pay any liens recorded against the real estate since the execution of THE AGREEMENT. 7. Upon the sale of the real estate, the Trustee shall deduct and pay from the gross selling price the following items in the order shown below: (a) The amount of the existing mortgage balance thereon, including principal and interest; excluding, however, all mortgage payments and taxes due to the date of closing, which are the HUSBAND's responsibility, and shall be paid by the HUSBAND. (b) The sum of $20,000.00 to cover anticipated federal and state capital gains taxes due on the sale of said property, which shall be *100 handled as hereafter described in paragraph 9, of this Article VI; (c) All tax liens recorded against said property on April 2, 1970 not to exceed $2,000.00; (d) Legal fees to $1,500.00 to Nemore & Nemore, Esqs. of Norwalk, Connecticut, who shall represent the parties in handling the sale of said property; (e) All recording charges and the Connecticut conveyance tax. 8. The Trustee shall use and distribute the remaining funds as follows: (a) 75% thereof, but in no event more than $66,975.00 to the WIFE; (b) Payment of all arrearages in the HUSBAND'S obligations to the WIFE or on her behalf, set forth in Article IV, paragraphs 1(a) through (f) of THE AGREEMENT and/or (a) through (f) of the AMENDMENT TO AGREEMENT (estimated by the HUSBAND as totalling the sum of $10,000.00 in bill arrearages, referred to in paragraph 3 of the AMENDMENT TO AGREEMENT, and liens against the real estate); Article VIII, paragraphs 2 (estimated at $2,000.00) and 3 of the AMENDMENT TO AGREEMENT; Article XVIII of the AMENDMENT TO AGREEMENT; ARTICLE VIII - MISCELLANEOUS
2. The HUSBAND will pay for the cost of moving the WIFE'S household furnishings and belongings from the Greenwich residence *101 to a location either in New York or Connecticut designated by the WIFE. If the WIFE moves to a different destination, she will pay the excess over the cost of a move to New York. The House was sold in 1973 and, in accordance with the separation agreements, the outstanding balance on the mortgage was satisfied from the proceeds of the sale. From his share of the proceeds of the sale, moreover, Herbert paid $2,000 for Regina's moving expenses. On their 1973 return, petitioners deducted as alimony $17,806 representing one-half of the mortgage balance and $2,000 of moving expenses. Respondent disallowed these deductions. Petitioners argue that one-half of the mortgage payments Herbert made was made pursuant to the obligation imposed by the separation agreement; that these amounts do not lose their character as alimony because several payments were paid at one time in a lump sum; and that since the payments might have been made over a period ending more than ten years from the date of the separation agreement, the ten year rule found in section 71(c)(2) [2] does not apply. In addition, petitioners maintain that because the amount of moving costs and the time of Regina's move *102 were not fixed, Regina's moving expenses paid by Herbert pursuant to the separation agreement are deductible as alimony. Respondent, by contrast, contends that petitioners are not entitled to a deduction for the payment by Regina of one-half of the outstanding mortgage for which she was jointly liable; that assuming arguendo the Court finds that Herbert paid Regina's share of the mortgage balance, the sale of the marital residence and resulting satisfaction of the outstanding mortgage balance was a property settlement; that the lump sum payment of the outstanding mortgage balance was not a periodic payment under section 71; and that should the Court hold that such payment constitutes alimony, the ten year rule contained in section 71(c)(2) limits petitioners' maximum deduction to ten percent of the payment or $1,780.60. Respondent states, furthermore, that Herbert's payment of Regina's moving expenses is not deductible as alimony since these costs are in the nature of a property settlement and since the payment does not qualify as *103 a periodic payment.
Section 215(a) provides a husband with a deduction for amounts paid by him during the year if these amounts are includable under section 71 in the gross income of his former or separated wife. Section 71(a)(1) provides that in the case of a divorce or legal separation, the wife's gross income includes periodic payments received in discharge of the husband's legal obligation imposed on him, because of the family or marital relationship, under a divorce decree or a written instrument incident to a divorce or separation. We find that one-half of the mortgage payment made from the proceeds of the sale of the House, was made by Regina and discharged her liability under the mortgage agreement under which she was jointly and severally liable. As such, this amount is not includable in Regina's gross income under section 71 and, therefore, is not deductible under section 215 as alimony. The separation and amended separation agreements clearly show that the mortgage balance was to be satisfied from the gross selling price. That Herbert was obligated to pay the monthly mortgage until the House was sold and that there is an uneven division of the net proceeds from the *104 sale, without other evidence, do not persuade us that the amended separation agreement intended to discharge Regina of her joint liability for the balance of the mortgage upon the House's sale. Contrariwise, that the separation agreement specifically states Herbert's liability for mortgage payments only up to the date of the sale of the House and that the payment of the mortgage was not to be made from Herbert's share of the proceeds suggest that Regina paid for one-half of the mortgage balance. [3]
Finally, the $2,000 Herbert paid for Regina's moving costs do not qualify as periodic payments arising from the family relationship as required under section 71(a)(1). Rather, the expenses are incidental to the property settlement in the decree. [4]
*105 Decision will be entered for the respondent. Footnotes
*. This case was reassigned from Judge Herbert L. Chabot by order of the Chief Judge. ↩
1. On brief, petitioners conceded the issue of the deductibility of insurance premiums for 1974; since there is no other matter at issue for that year, we hold that respondent's determination of a deficiency of $1,429 for 1974 is correct.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise stated.↩
3. Moreover, even if we had found that Herbert paid Regina's one-half of the mortgage balance, on the paucity of the evidence presented, we would conclude that the mortgage payment incident to the sale of the House was in the nature of a property settlement and not alimony. See Jackson v. Commissioner, 54 T.C. 125 (1970); Thompson v. Commissioner, 22 T.C. 275↩ (1954).
4. See Hinish v. Commissioner, T.C. Memo. 1978-207; McEvoy v. Commissioner, T.C. Memo. 1962-272↩.